## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

REPUBLIC ROOFING & RESTORATION,
LLC and ANNIE CHANDLER, individually
and on behalf of all others similarly situated,

      Plaintiffs,

                                         Civil Action No. 2:19-cv-02518-SHM-cgc

v.

NATIONAL SECURITY FIRE &
CASUALTY COMPANY,

      Defendant.

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure and the parties' Settlement Agreement, Plaintiffs Republic Roofing & Restoration, LLC and Annie Chandler, on behalf of themselves and the proposed Settlement Classes (collectively "Plaintiffs"), respectfully move the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order attached as Exhibit E to the Parties' Settlement Agreement (Dkt. 47-2, PageID.438-445).[1] Defendant National Security Fire & Casualty Company ("National Security") does not oppose this motion for final approval of settlement.[2]

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Settlement, attached as Exhibit 1 to Plaintiffs' Renewed, Unopposed Motion for Preliminary Approval of Class Action Settlement. Dkt. 47-2, PageID.361.

[2] As Paragraph 15.1 of the Settlement Agreement makes clear, however, National Security denies liability and, absent settlement, intends to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

For purposes of final approval of settlement, the parties seek final certification of the following Settlement Class provisionally certified by the Court on January 25, 2022 (Dkt. 48, PageID.446):

> All Class Members within either the Tennessee Settlement Class or Mississippi Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received an initial ACV Payment for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendant and its officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").

> "Tennessee Settlement Class" means all policyholders, except for Exclusions, under any residential structural property insurance policy issued by Defendant who made: (a) a Structural Loss claim for property located in the State of Tennessee during the applicable Class Periods as defined in Section 2.11.1; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

> "Mississippi Settlement Class" means all policyholders, except for Exclusions, under any residential structural property insurance policy issued by Defendant who made: (a) a Structural Loss claim for property located in the State of Mississippi during the applicable Class Period as defined in Section 2.11.2; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

*Id.* at PageID.448, ¶ 4.1. The Class Period for the Tennessee Settlement Class includes Structural Loss claims with dates of loss from July 17, 2017 to May 20, 2019. The Class Period for the Mississippi Settlement Class includes Structural Loss claims with dates of loss from July 17, 2017 to March 5, 2020 and March 6, 2020 to June 4, 2020, subject to policy forms. Rev. Settlement ¶¶ 2.11.1, 2.11.2 and 2.30.1 (Dkt. 47-2, PageID.367, 371-72).

In support of this unopposed Motion, Plaintiffs submit the following:

2

1.      To satisfy the requirements of Rule 23 for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for final approval of a settlement class are satisfied.

2.      Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes at least 1,540 potential Settlement Class Members.

3.      Commonality under Rule 23(a)(2) is satisfied for a proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—*i.e.*, whether National Security can withhold labor as depreciation under National Security's residential structural property insurance policies.

4.      Typicality under Rule 23(a)(3) is satisfied for a proposed settlement class because Plaintiffs made claim under one of National Security's standard-form insurance policies, and National Security withheld labor in making actual cash value ("ACV") payments to Plaintiffs. The proposed class representatives' claims arose from the alleged underpayment of their ACV claims, and their claims relating to the issue of labor depreciation are identical in all respects to the claims of the putative class.

5.      Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiffs have fairly and adequately represented and protected the interests of the putative class.

Plaintiffs have no interest that conflicts with those of the class. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6.      As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under National Security's residential structural property insurance policies. Superiority is satisfied for a settlement class because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy favor settlement.

7.      Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is the Revised Settlement Agreement filed on December 23, 2021 (Dkt. 47, PageID.361).

8.      Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

9.      As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for final approval.  In summary, the Settlement provides the following categories of relief:

> **Tennessee And Mississippi Settlement Class Members With Still Withheld Nonmaterial Depreciation**: Tennessee and Mississippi policyholders from whom

Nonmaterial Depreciation was withheld and not subsequently recovered, and who submit a Claim Form, will receive a 100% of the total depreciation applied to their respective claims, plus 6% simple interest for the time period of withholding.

**Tennessee And Mississippi Settlement Class Members Without Still Withheld Nonmaterial Depreciation**: Tennessee and Mississippi policyholders from whom Nonmaterial Depreciation may have been initially withheld, but was subsequently repaid in full (*i.e*., through receipt of replacement cost benefits), and who submit a Claim Form, will receive a net payment reflecting 6% simple interest during the time period of withholding.

10.    Attorneys' fees, costs, litigation expenses and/or service award are to be paid separately by National Security and will *not* reduce the amount of any Class Member's recovery.

11.    The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement.  In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the practice of withholding labor as depreciation). All unrelated matters will continue to be adjusted and handled by National Security in the ordinary course.

12.    The settlement was reached through arms-length settlement negotiations conducted with the assistance of experienced mediator, James D. Kay, Jr., as attested to by Plaintiffs' counsel in the accompanying Declarations, attached hereto as follows:

**Exhibit 1** – May 10, 2022 Declaration of J. Brandon McWherter

**Exhibit 2** – May 10, 2022 Declaration of T. Joseph Snodgrass

**Exhibit 3** – May 10, 2022 Declaration of Erik D. Peterson

WHEREFORE, for these reasons and those set forth the accompanying Memorandum, Plaintiffs respectfully move for an order consistent with the proposed Final Approval Order previously filed with the Court. Dkt. 47-2, PageID.438-445.

Dated:  May 10, 2022                    Respectfully submitted,

                                        **MCWHERTER SCOTT BOBBITT PLC**

                                        By: *s/ J. Brandon McWherter*
                                        J. BRANDON McWHERTER - #21600
                                        341 Cool Springs Blvd, Suite 230
                                        Franklin, TN 37067
                                        (615) 354-1144
                                        brandon@msb.law

                                        T. JOSEPH SNODGRASS (admitted *pro hac vice*)
                                        SNODGRASS LAW LLC
                                        100 South Fifth Street, Suite 800
                                        Minneapolis, MN 55402
                                        (612) 448-2600
                                        jsnodgrass@snodgrass-law.com

                                        ERIK D. PETERSON (admitted *pro hac vice*)
                                        MEHR, FAIRBANKS & PETERSON TRIAL
                                        LAWYERS, PLLC
                                        201 West Short Street, Suite 800
                                        Lexington, KY 40507
                                        (800) 614-1957
                                        edp@austinmehr.com

                                        **Attorneys for Plaintiffs and**
                                        **Putative Class Representatives**

## CERTIFICATE OF SERVICE

I, the undersigned herby certify that on May 10, 2022, I filed a true and correct copy of the foregoing document electronically via the Court's CM/ECF system, which will automatically notice all counsel of record.

*s/ J. Brandon McWherter*

6