UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

REPUBLIC ROOFING & RESTORATION, LLC and ANNIE CHANDLER, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

NATIONAL SECURITY FIRE & CASUALTY COMPANY,

    Defendant.

Civil Action No. 2:19-cv-02518-SHM-cgc

---

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AWARDING ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

This multistate class action arises out of Defendant National Security Fire & Casualty Company's alleged practice of withholding labor costs in the payment of actual cash value ("ACV") insurance claims. The claims of Representative Plaintiffs Republic Roofing & Restoration, LLC and Annie Chandler and the putative class have been settled pursuant to the Stipulation and Settlement Agreement dated December 23, 2021 (the "Settlement") (Dkt. 47-2). On January 25, 2022, the Court granted preliminary approval of the proposed Settlement and provisionally certified a settlement class for settlement purposes only. On May 10, 2022, Representative Plaintiffs filed an Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (Dkt. 53) and a Motion for Services Awards to the Class Representatives and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel ("Motion for Awards") (Dkt. 54).

On May 20, 2022, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether an order and judgment should be entered dismissing the Plaintiffs' claims on the merits and with prejudice, including the claims of class members who have not requested exclusion from the Settlement; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel and service awards to the Representative Plaintiffs. Having carefully reviewed the Motion for Final Approval, the Motion for Awards, the Settlement, related exhibits, and pertinent portions of the record, the Motion for Final Approval and Motion for Awards are **GRANTED**.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. The terms and conditions in the Settlement that was attached to the renewed motion for preliminary approval filed with the Court are hereby incorporated as though fully set forth in this Order, and unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement.

2. The Court has personal jurisdiction over Representative Plaintiffs, Defendant, and Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement, including all exhibits thereto, and the Court has jurisdiction to enter an order and judgment.  Without in any way affecting the finality of any judgment, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, construction, and interpretation of the Settlement, this Order, and any judgment. Further, this Court retains jurisdiction to protect, preserve, and implement the Settlement, including, but not limited to, enforcement of the releases contained in the Settlement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Order and any judgment.

3. The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive and multiple settlement negotiation sessions. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success.

4. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement, which shall be defined as follows:

> All Class Members within either the Tennessee Settlement Class or Mississippi Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendant and its officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").
>
> "Tennessee Settlement Class" means all policyholders, except for Exclusions, under any residential structural property insurance policy issued by Defendant who made: (a) a Structural Loss claim for property located in the State of Tennessee during the applicable Class Periods as defined in Section 2.11.1; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> "Mississippi Settlement Class" means all policyholders, except for Exclusions, under any residential structural property insurance policy issued by Defendant who made: (a) a Structural Loss claim for property located in the State of Mississippi during the applicable Class Period as defined in Section 2.11.2; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the

withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

5. The Settlement provides that Defendant shall pay the following amounts to the following categories of Class Members:

Tennessee and Mississippi policyholders from whom Nonmaterial Depreciation was withheld and not subsequently recovered, and who submit a Claim Form, will receive 100% of the Nonmaterial Depreciation that was withheld from their ACV Payments, plus 6% simple interest for the time period of withholding.

Tennessee and Mississippi policyholders from whom Nonmaterial Depreciation may have been initially withheld, but was subsequently repaid in full (i.e., through receipt of replacement cost benefits), and who submit a Claim Form, will receive a net payment reflecting 6% simple interest during the time period of withholding.

6. The Settlement satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3) and is appropriate under <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591 (1997). Certification of the Settlement Class is appropriate, in part, because Defendant does not object to class certification in the context of this Settlement. The Court makes the following determinations as to certification of the Settlement Class:

    a. Numerosity under Rule 23(a)(1) is satisfied for the Settlement Class because the Settlement Class includes at least 1,540 potential Settlement Class Members. Thus, the potential Settlement Class Members are so numerous that joinder of all members is impracticable;

    b. Commonality under Rule 23(a)(2) is satisfied for the Settlement Class because there are questions of law or fact common to all members of the Settlement Class including but not limited to the single, predominating question presented—i.e., whether Defendant can withhold labor as depreciation under Defendant's residential structural property insurance policies. Thus, there are questions of law or fact common to the members of the Settlement Class;

4

c. Typicality under Rule 23(a)(3) is satisfied for the Settlement Class because Representative Plaintiffs made claims under one of Defendant's standard-form insurance policies, and Defendant withheld labor depreciation in making actual cash value ("ACV") payments to Representative Plaintiffs. The Representative Plaintiffs' claims arose from the alleged underpayment of their ACV claims, and their claims relating to the issue of labor depreciation are identical in all respects to the Settlement Class Members' claims;

d. Adequacy under Rule 23(a)(4) is satisfied for the Settlement Class because Representative Plaintiffs have fairly and adequately represented and protected the interests of the Settlement Class. Representative Plaintiffs have no interest that conflicts with the interests of the Settlement Class. They retained experienced counsel competent and experienced in class action and insurance litigation; and

e. As required by Rule 23(b)(3), questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, inter alia, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendant's residential structural property insurance policies. Superiority is satisfied for the Settlement Class because, inter alia, thousands of small value claims are at issue and the interests of the parties and judicial economy favor settlement.

7. Pursuant to Fed. R. Civ. P. 23(g) the Court appoints Erik Peterson, Mehr, Fairbanks & Peterson, Brandon McWherter, McWherter Scott Bobbitt PLC, and T. Joseph Snodgrass, Snodgrass Law, LLC as Class Counsel for the Settlement Class.

8. The Court also designates Representative Plaintiffs Republic Roofing & Restoration, LLC and Annie Chandler as the representatives of the Settlement Class.

9. The Court makes the following findings with respect to Class Notice to the Settlement Class:

   a. The Court finds that the Class Notice, the establishment of an automated toll-free interactive voice response telephone system, and the Settlement website, all as provided in the Settlement and the Preliminary Approval Order, (i) constituted the best practicable notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all legal requirements, including the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law;

   b. Class Counsel have filed with the Court a declaration from Rust Consulting, the independent third-party Settlement Administrator for the Settlement, establishing that the Class Notice and Claim Form were mailed to Class Members on March 4, 2022, the Settlement website was established on March 4, 2022, and the telephone line available for Class Members to call was available beginning March 4, 2022.

        Adequate notice was given to the Settlement Class in compliance with the Settlement and the Preliminary Approval Order; and

    c.    On March 4, 2022, Class Notices were sent via First-Class Mail by the Administrator to 1,540 potential Settlement Class Members at the most current addresses in Defendant's records. The Administrator tracked 61 Class Notices that were returned as undeliverable. The Administrator re-mailed the Class Notice to the 27 Class Members with updated address information obtained through a trace search, and 3 came back as undeliverable for a second time. As of May 7, 2022, 1,506 Class Members were mailed a Class Notice that was not returned as undeliverable, representing nearly 98% of total Class Members.

10.    Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Class Notice and on the Settlement website. Exclusions were due by April 20, 2022. No Class Members chose to opt-out of the Settlement.

11.    Defendant has complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq.*, in connection with the Settlement.

12.    Pursuant to the Preliminary Approval Order, any objections to the Settlement were to have been submitted no later than April 20, 2022. There have been no objections to the Settlement.

13.    Class Members who did not timely file and serve an objection in writing to the Settlement, to the entry of this Order, to the entry of judgment, to Class Counsel's application for fees, costs, and expenses, or to the service awards to the Representative Plaintiffs, in accordance with the procedure set forth in the Class Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

14. The terms and provisions of the Settlement, including all Exhibits thereto, have been entered into in good faith and, pursuant to Fed. R. Civ. P. 23(e), are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Class Members. The Court **GRANTS** the Motion for Final Approval, approves and adopts the Settlement, fully and finally terminating the Released Claims of Representative Plaintiffs and the Settlement Class in this Action against Defendant, on the merits and with prejudice.

15. The Releases set forth in Section 9.1 to 9.5 of the Settlement, are incorporated herein in all respects and are effective as of the entry of judgment. The Released Persons are forever released, relinquished, and discharged by the Releasing Persons, including all Class Members who did not timely exclude themselves from the Settlement Class, from all Released Claims. The Settlement shall be the exclusive remedy for all Class Members with regards to the Released Claims.

16. Representative Plaintiffs and all Class Members and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, permanently barred and enjoined from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons, and from organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit regarding any Released Claims against any Released Persons. Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

17. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by the orders and judgments of this Court. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18. Pursuant to Rule 54(b), the Court will enter judgment and expressly determines that there is no just reason for delay. Without affecting the finality of the judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement, this Order, and the judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

19. Class Counsel request that they be awarded $602,103.00 in fees and expenses (i.e., $577,103.00 in fees plus $25,000.00 in expenses) incurred in prosecuting this case for nearly three years. Class Counsel also request service awards in the amount of $7,500 for each Representative Plaintiff. The requested fees, expenses, and service awards do not affect the recovery provided for Class Members in the Settlement.

20. Since this action was originally filed, Class Counsel have worked on this matter without receiving any compensation for their work and without receiving any reimbursement for the expenses they advanced. Their representation of the Representative Plaintiffs and the Class Members was undertaken with the understanding that any fees and expenses that they might receive would be contingent on the outcome of the case. This dispute was highly contested and was settled only after nearly three years of litigation, which included informal and formal discovery (including written discovery, depositions of claims personnel, and review and analysis of Defendant's production of claims data and claim file samples), settlement negotiations on a class-wide basis; class-wide damages analysis, and preparation and presentation of settlement

documents. Class Counsel expended 696.1 hours working on this case, with an approximate value of $343,338.00. The requested attorneys' fees represent a lodestar multiplier of 1.68.

21.     Class Counsel advanced expenses of $30,616.00, but seek $25,000.00 in expenses. Expenses include retention of a consulting expert, mediation fees, travel costs, and transcript fees.

22.     Based on representations of Class Counsel, Representative Plaintiffs spent a significant amount of time assisting Counsel and, thereby, assisting the entire Class in this litigation.

23.     The Settlement provides substantial relief to the Class Members. Class Members who submit a Claim Form will receive 100% of the Nonmaterial Depreciation that was withheld from their ACV Payments and 6% simple interest for the time period of withholding. Class Counsel estimate $2,006,000 in total potential recovery and $1,300 in average recovery per Class Member. As of May 4, 2022, approximately 32% of Class Members had submitted Claim Forms. Counsel for the Parties have represented to the Court that this is a high level of participation, particularly given a claim deadline of July 5, 2022. The Court expects the submission of additional Claim Forms and a high overall level of Class Member participation in the Settlement.

24.     Based on statements and filings of Class Counsel and the record as a whole, the Court finds that Class Counsel and Representative Plaintiffs have adequately represented and protected the interests of the Settlement Class and that without the diligent and extensive efforts of Class Counsel and Representative Plaintiffs, the Settlement and related benefits to the Class would not have been accomplished. The Court finds that the requested attorneys' fees, expenses, and service awards are reasonable and fair.

25.     Based on all of the forgoing findings, the Court **GRANTS** the Motion for Awards. As a result, the Court orders and authorizes the requested award of attorneys' fees and expenses in

the total amount of $602,103.00 to be paid to Class Counsel by Defendant. Defendant shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim for attorneys' fees and expenses awarded by the Court. The Court orders and authorizes a $7,500.00 service award for each of the Representative Plaintiffs, payable by Defendant pursuant to the terms of the Settlement.

SO ORDERED this 26th day of May, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE